1

2

3

4

5

6                                                              JS-6

7

8                    UNITED STATES DISTRICT COURT

9           CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11   WILLIAM ROBERT BRAMSCHER,        CASE NO. CV 20-4324 RGK (AS)

12                  Plaintiff,
                                      **ORDER DISMISSING SECOND AMENDED**
13        v.
                                      **COMPLAINT**
14   HERMOSA BEACH POLICE
     DEPARTMENT, et al.,
15
                    Defendants.
16

17

18                                I.

19                            INTRODUCTION

20

21        On May 7, 2020,[1] William Robert Bramscher ("Plaintiff"), an

22   inmate at Correctional Training Facility in Soledad, California,

23
     _____
24        [1] Under the "mailbox rule," a pleading filed by a pro se
     prisoner is deemed to be filed as of the date the prisoner delivered
25   it to prison authorities for mailing, not the date on which the
     pleading may have been received or filed by the court. Houston v.
26   Lack, 487 U.S. 266, 270 (1988); see also Douglas v. Noelle, 567
     F.3d 1103, 1107 (9th Cir. 2009) ("[T]he Houston mailbox rule
27   applies to § 1983 suits filed by pro se prisoners."); Roberts v.
     Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When a prisoner
28   gives prison authorities a habeas petition or other pleading to

proceeding _pro_ _se_, filed a Complaint, alleging that his civil rights, pursuant to 42 U.S.C. § 1983, were violated. (Dkt. No. 1). On June 19, 2020, Plaintiff filed a First Amended Complaint. (Dkt. No. 5). On June 30, 2020, the Court dismissed the First Amended Complaint, with leave to amend. (Dkt. No. 9). On August 11, 2020, Plaintiff filed a Second Amended Complaint ("SAC"). (Dkt. No. 13). The Second Amended Complaint names the following Defendants, who are sued in both their individual and official capacities: (1) Guy Dove, Hermosa Beach Police Officer; (2) Gerold Rodriguez, Hermosa Beach Police Officer; (3) Brent Zuber, Hermosa Beach Police Officer; (4) Michael Frilot, Hermosa Beach Police Officer; (5) Robert Higgins, Hermosa Beach Police Officer; (6) Jaime Ramirez, Hermosa Beach Police Officer; (7) Nicholas Garcia, Hermosa Beach Police Officer; (8) Mark Smuts, Hermosa Beach Police Officer; (9) Dean Garkow, Hermosa Beach Police Officer; (10) Christopher Alkadis, Hermosa Beach Police Officer; (11) Chief of Hermosa Beach Police; (12) Hermosa Beach Police Department; and (13) City of Hermosa Beach. (SAC at 3-7).

The Court has screened the Second Amended Complaint as prescribed by 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons discussed below, the Court DISMISSES Plaintiff's Complaint WITHOUT LEAVE TO AMEND.

---

mail to court, the court deems the petition constructively 'filed' on the date it is signed."). Here, the Court has calculated the filing date of this action pursuant to the mailbox rule as the date the Complaint was mailed. (Complaint at 12). Citations to the Complaint and the Second Amended Complaint refer to the pages assigned by the Court's electronic filing system.

## II.

### PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that Defendants violated his First Amendment rights. (SAC at 8). The gravamen of Plaintiff's complaint is that in retaliation for allegedly exercising his rights of "speech, expression, press & right(s) to redress," he was arrested, prosecuted, and convicted in Los Angeles County Superior Court Case Nos. YA097929 and YA100270. (SAC at 8, 10-11). He contends the retaliation occurred because of his public criticisms of the Hermosa Beach Police Department. (SAC at 8, 11). The alleged retaliation included falsified evidence, fictious incident reports, and bad faith investigations by Defendants, which resulted in Plaintiff's arrest, trial, and conviction. (SAC at 3-8, 10-11). Plaintiff seeks $122 million in damages, along with declaratory and equitable relief. (SAC at 9).

## III.

### STANDARD OF REVIEW

Congress mandates that district courts initially screen civil complaints filed by prisoners seeking redress from a governmental entity or employee. 28 U.S.C. § 1915A. A court may dismiss such a complaint, or any portion thereof, if the court concludes that the complaint: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1)-(2); see also id. § 1915(e)(2) (The court "shall

3

1    dismiss the case at any time if the court determines that . . .

2    the action . . . (i) is frivolous or malicious; (ii) fails to state

3    a claim on which relief may be granted; or (iii) seeks monetary

4    relief against a defendant who is immune from such relief.");

5    accord Lopez v. Smith, 203 F.3d 1122, 1126–27 & n.7 (9th Cir. 2000)

6    (en banc).

7

8         Dismissal for failure to state a claim is appropriate if a

9    complaint fails to proffer "enough facts to state a claim for

10   relief that is plausible on its face." Bell Atl. Corp. v. Twombly,

11   550 U.S. 544, 570 (2007). "A claim has facial plausibility when

12   the plaintiff pleads factual content that allows the court to draw

13   the reasonable inference that the defendant is liable for the

14   misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009);

15   accord Hartmann v. Cal. Dep't of Corr. & Rehab., 707 F.3d 1114,

16   1122 (9th Cir. 2013). A plaintiff must provide "more than labels

17   and conclusions" or a "formulaic recitation of the elements" of

18   his claim. Twombly, 550 U.S. at 555. However, "[s]pecific facts

19   are not necessary; the [complaint] need only give the defendant

20   fair notice of what the claim is and the grounds upon which it

21   rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam)

22   (citation and alterations omitted).

23

24        In considering whether to dismiss a complaint, a court is

25   generally limited to the pleadings and must construe "[a]ll factual

26   allegations set forth in the complaint . . . as true and . . . in

27   the light most favorable" to the plaintiff. Lee v. City of Los

28   Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).

4

1    Moreover, <u>pro</u> <u>se</u> pleadings are "to be liberally construed" and

2    "held to less stringent standards" than those drafted by a lawyer.

3    <u>Erickson</u>, 551 U.S. at 94 (citation omitted); <u>see also</u> <u>Hebbe v.</u>

4    <u>Pliler</u>, 627 F.3d 338, 342 (9th Cir. 2010) ("<u>Iqbal</u> incorporated the

5    <u>Twombly</u> pleading standard and <u>Twombly</u> did not alter courts'

6    treatment of <u>pro</u> <u>se</u> filings; accordingly, we continue to construe

7    <u>pro</u> <u>se</u> filings liberally when evaluating them under <u>Iqbal</u>.").

8    Nevertheless, dismissal for failure to state a claim can be

9    warranted based on either the lack of a cognizable legal theory or

10   the absence of factual support for a cognizable legal theory.

11   <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th

12   Cir. 2008).  A complaint may also be dismissed for failure to state

13   a claim if it discloses some fact or complete defense that will

14   necessarily defeat the claim.  <u>Franklin v. Murphy</u>, 745 F.2d 1221,

15   1228-29 (9th Cir. 1984).

16

17                              **IV.**

18                           **DISCUSSION**

19

20       Plaintiff's Second Amended Complaint must be dismissed because

21   his claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

22   In <u>Heck</u>, the Supreme Court held that a § 1983 complaint must be

23   dismissed if judgment in favor of the plaintiff would undermine

24   the validity of his conviction or sentence, unless the plaintiff

25   can demonstrate that the conviction or sentence has already been

26   invalidated.  <u>Id.</u> at 486-87.  The <u>Heck</u> Court explained:

27

28

                                   5

1      [I]n order to recover damages for allegedly
2      unconstitutional conviction or imprisonment, or for
3      other harm caused by actions whose unlawfulness would
4      render a conviction or sentence invalid, a § 1983
5      plaintiff must prove that the conviction or sentence has
6      been reversed on direct appeal, expunged by executive
7      order, declared invalid by a state tribunal authorized
8      to make such determination, or called into question by a
9      federal court's issuance of a writ of habeas corpus. A
10     claim for damages bearing that relationship to a
11     conviction or sentence that has not been so invalidated
12     is not cognizable under § 1983.

13

14   512 U.S. at 486-87 (footnote and citation omitted) (emphasis in
15   original). "Heck applies to claims seeking declaratory and
16   injunctive relief, as well as damages." Lewis v. City of
17   Waxahachie, No. 10 CV 2578, 2011 WL 7070991, at *2 (N.D. Tex. Dec.
18   21, 2011), report and recommendation adopted, No. 10 CV 2578, 2012
19   WL 176681 (N.D. Tex. Jan. 20, 2012). Accordingly, the Ninth Circuit
20   has found that the Heck bar applies to claims of First Amendment
21   retaliation. Moschref v. Stratton, 697 F. App'x 532, 533 (9th Cir.
22   2017) (retaliation claim against police officer for making false
23   statements Heck barred); Smith v. Ball, 278 F. App'x 739, 741 (9th
24   Cir. 2008) (First Amendment retaliation claim Heck barred "because
25   prevailing on [the plaintiff's] claim would imply the invalidity
26   of her criminal convictions arising from the same events"); see
27   also Gilles v. Davis, 427 F.3d 197, 209-12 (3d Cir. 2005) (finding
28   that the plaintiff's § 1983 suit for First Amendment violations

6

1   was <u>Heck</u> barred); <u>Luster v. Amezcua</u>, No. 16 CV 0554, 2019 WL

2   1442992, at *8 (E.D. Cal. Apr. 1, 2019) ("Plaintiff's First

3   Amendment retaliation claim against Defendant Amezcua is barred by

4   <u>Heck</u> because a favorable termination on the retaliation claim would

5   necessarily imply the invalidity of her misdemeanor conviction,

6   which has not been overturned."); <u>cf.</u> <u>Sheldon v. Hundley</u>, 83 F.3d

7   231, 234 (8th Cir. 1996) (where the plaintiff's "First Amendment

8   claims are so entangled with the propriety of the disciplinary

9   result, which triggered the loss of good-time credits, that ruling

10  in [the plaintiff's] favor on First Amendment grounds would

11  necessarily imply the invalidity of the disciplinary result and

12  the lengthened sentence," the plaintiff's First Amendment claims

13  are barred by <u>Heck</u>).

14

15      Here, Plaintiff asserts that in retaliation for exercising

16  his First Amendment rights, Defendants conducted a bad faith

17  investigation and falsified reports and evidence, which resulted

18  in his arrest, prosecution, and conviction.  (SAC at 3–8, 10–11).

19  If successful, Plaintiff's claims regarding Defendants'

20  fabrication of evidence would undermine the validity of Plaintiff's

21  conviction, for which he remains incarcerated.   Indeed, in

22  Plaintiff's recently filed habeas petition, he contends <u>inter</u> <u>alia</u>

23  that his conviction was the result of illegal First Amendment

24  retaliation by the Hermosa Police Department.   See <u>Bramscher v.</u>

25  <u>Koening</u>, No. 20 CV 5378 (N.D. Cal. filed Aug. 4, 2020).[2]   Thus,

26

27      [2] The Court takes judicial notice of federal court documents

28  relevant to the disposition of this case.  See <u>Harris v. Cty. of</u>
    <u>Orange</u>, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial

Plaintiff's First Amendment claims would "necessarily imply" or "demonstrate" the invalidity of his conviction or sentence.  The Heck doctrine therefore bars Plaintiff's claims, and leave to amend would be futile.  Accordingly, his Second Amended Complaint "must be dismissed" without leave to amend.  See Smith v. City of Hemet, 394 F.3d 689, 695 (9th Cir. 2005).

**V.**

**CONCLUSION**

For the reasons discussed above, the Court DISMISSES the Second Amended Complaint WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: August 19, 2020

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted).